## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

Case No. 24-11478

**ANGELA GILDER-LUCAS,**
**Plaintiff-Appellant,**

**vs.**

**MERRICK GARLAND, in his official capacity as**
**UNITED STATES ATTORNEY GENERAL,**
**Defendant-Appellee.**

### BRIEF OF DEFENDANT-APPELLEE

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**HONORABLE ALLEN C. WINSOR**
**(4:23-CV-00056-AW-MJF)**

JASON R. COODY
United States Attorney


*/s/ Andrew J. Grogan*
ANDREW J. GROGAN
Assistant United States Attorney
Florida Bar No.  85932
111 North Adams Street, 4th Floor
Tallahassee, FL  32301
Telephone:  (850) 942-8430
Fax:  (850) 942-8466
Email:  Andrew.Grogan@usdoj.gov
Counsel for Defendant/Appellee

ECCA No.: 23-12395
D.C. No.: 4:23-cv-00056-MW-MJF

*Angela Gilder-Lucas v. Merrick*
*Garland, U.S Attorney General*

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

COODY, JASON R., UNITED STATES ATTORNEY

ESTES, SEAN, ATTORNEY FOR PLAINTIFF/APPELLANT

FRANK, MICHAEL J., UNITED STATES MAGISTRATE JUDGE

GARLAND, MERRICK, UNITED STATES ATTORNEY GENERAL;
DEFENDANT/APPELLEE

GILDER-LUCAS, ANGELA, PLAINTIFF/APPELLANT

GROGAN, ANDREW, ASSISTANT UNITED STATES ATTORNEY
ATTORNEY FOR DEFENDANT/APPELLEE

LINDSEY, HERBERT S., ASSISTANT UNITED STATES ATTORNEY
ATTORNEY FOR DEFENDANT/APPELLEE

PRINTY, GARY LEE, PREVIOUS ATTORNEY FOR
PLAINTIFF/APPELLANT

WINSOR, ALLEN C., UNITED STATES DISTRICT JUDGE

I HEREBY CERTIFY that the above constitutes a complete list of interested

persons to this appeal as described in the Rules of the United States Court of Appeals

for the Eleventh Circuit Rev. (12/01/2024), 11th Cir. R. 28-1(b) and 11th Cir. R.

26.1-1.

*/s/ Andrew J. Grogan*
**ANDREW J. GROGAN**
**Assistant United States Attorney**

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

The government believes that the issues and arguments are adequately addressed in the briefs, and therefore does not request oral argument.

# TABLE OF CONTENTS

PAGE(S)

CERTIFICATE OF INTERESTED PERSONS ............................................ C-1 of 1

STATEMENT REGARDING ORAL ARGUMENT ................................................i

TABLE OF CONTENTS.................................................................... ii

TABLE OF CITATIONS ................................................................. iii

TABLE OF RECORD OF REFERENCES IN THE BRIEF...................................iv

STATEMENT OF JURISDICTION.........................................................v

STATEMENT OF THE ISSUES............................................................1

STATEMENT OF THE CASE...............................................................2

      (i)     Course of Proceedings, Disposition, and Statement of Facts ..............2
      (ii)    Standards of Review..................................................8

SUMMARY OF THE ARGUMENT ......................................................8

ARGUMENT AND CITATIONS OF AUTHORITY ...........................................9

    I.     The District Court correctly concluded that any claim based on the November 18, 2021, denial is time barred ............................................9

    II.    The District Court correctly concluded that that the plaintiff failed to point to evidence that BOP discriminated against her by denying a reasonable accommodation ................................................11

    III.   The District Court correctly concluded that the plaintiff had not shown sufficient evidence of retaliation ........................................13

CONCLUSION ......................................................................16

CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32(a)(7) ..............................17

CERTIFICATE OF SERVICE .................................................................17

# TABLE OF CITATIONS

CASES:                                                                    PAGE(S)

*Boyle v. City of Pell City*, 866 F.3d 1280, 1289 (11th Cir. 2017) ...........................11

*Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1182 (11th Cir. 2010).................13

*Brown v. Snow*, 440 F.3d 1259, 1262 (11th Cir. 2006) ............................................9

*E.g.*, *Burton v. Tampa Hous. Auth.*, 271 F.3d 1274, 1276 (11th Cir. 2001).............8

*Gaillard v. Shinseki,* 349 F. App'x 391, 392 (11th Cir. 2009) .................................9

*Grier v. Sec'y of the Army*, 799 F.2d 721, 724 (11th Cir. 1986) .............................9

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).........................9

*Parris v. Miami Herald Publ'g Co.*, 216 F.3d 1298, 1301 (11th Cir. 2000)...........13

*Poer v. Jefferson Cnty. Comm'n*, 100 F.4th 1325, 1336 (11th Cir. 2024) ..............15

*Porterfield v. Soc. Sec. Admin.*, No. 20-10538, 2021 WL 3856035, at *4
  (11th Cir. 2021)...............................................................................................11

*Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008).......................................10

*Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285
  (11th Cir. 1997)...............................................................................................12

*Thomas v. Miami Veterans Med. Ctr.*, 290 F. App'x 317, 319 (11th Cir. 2008) ....10

*Willis v. Conopco, Inc.*, 108 F.3d 282, 284 (11th Cir. 1997)...................................11


OTHER AUTHORITIES:                                                        PAGE(S)

28 U.S.C. §1291 .......................................................................................................v

29 C.F.R. §1614.101 .................................................................................................9

29 C.F.R. §1614.105 ........................................................................................ 1, 8, 9

29 U.S.C. §791 .......................................................................................... 7, 11, 12, 13

29 U.S.C. §794 ........................................................................................................11

42 U.S.C. §12112 ....................................................................................................11

Fed. R. Civ. P. 56(e)................................................................................................15

## TABLE OF RECORD REFERENCES IN THE BRIEF

| ECF No. | Document Title | Page Nos. In Brief |
|---|---|---|
| 1 | Complaint | 7 |
| 16 | Notice of Filing Exhibits in Support of Defendant's Motion for Summary Judgment | 2-7, 12, 15 |
| 25 | Notice of Filing Exhibits in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment | *3-6, 14* |
| 26 | Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment | 15 |
| 28 | Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment | 8 |
| 29 | Order Granting Summary Judgment | 7, 12, 14, 15 |
| | Appellant Brief | 10, 12, 14 |

## <u>STATEMENT OF JURISDICTION</u>

This Court thus has subject matter jurisdiction over this appeal under 28 U.S.C. §1291.

## **STATEMENT OF THE ISSUES**

I.   Whether a federal employee's claim of discrimination for an occurring on November 18, 2021, is timely brought on January 25, 2022, under 29 C.F.R. §1614.105.

II.   Whether the District Court correctly concluded that Plaintiff failed to point to evidence that BOP discriminated against her by denying a reasonable accommodation.

III.   Whether the District Court correctly concluded that Plaintiff had not shown sufficient evidence of retaliation.

## STATEMENT OF THE CASE

This is an appeal from summary judgment granted for the defendant in an employment-discrimination case. The plaintiff is a current employee of the Federal Bureau of Prisons. She requested an accommodation—a different job—for anxiety. The BOP offered her two different jobs which she did not accept. She rejected the first, which was within the parameters she asked for.  She did not accept the second within the time of the offer because of a requirement for in person work for several months before shifting to 100% telework. She was designated absent without leave from her job but that was converted to leave without pay. Ultimately, BOP found her another job that she accepted. But she sued under the Rehabilitation Act, alleging a failure to accommodate and retaliation. The District Court granted summary judgment for the Attorney General. The plaintiff timely appealed, asserting that the District Court erred in applying summary judgment standards. Because the plaintiff's arguments on appeal are without merit, this Court should affirm the District Court's judgment.

**(i)     Course of Proceedings, Disposition in the Case Below, and Statement of Facts**

The plaintiff Angela Gilder-Lucas became the supervisor of education at Federal Correctional Institution – Tallahassee ("FCI-Tallahassee") in 2019 at pay grade GS-12. (ECF 16-1 at 18, 24.)

On May 10, 2021, following a diagnosis of generalized anxiety disorder, Gilder-Lucas requested accommodations for that condition; specifically (1) extended leave; and (2) reassignment to a job within 85 miles of Montgomery, Alabama in a pay grade GS-11 or GS-12. (ECF 16-14; ECF 16-15; ECF 25-31 at 194-194).  It did not request telework. (ECF 16-1 at 74). She also requested Family Medical Leave Act ("FMLA") leave.

The BOP granted 3 weeks of FMLA leave and then 4 days off per month, not to exceed 480 hours in a 12-month period (ECF 16-5).  But she had to tell BOP in advance what days each month or she would be placed in an absent without leave ("AWOL") status.[1] (ECF 16-8).  After she exhausted the 3 weeks, Gilder-Lucas asked for 240 hours of additional sick leave, which BOP did not approve (ECF 16-1 at 269). She did not return to work.

Records indicate that on or about August 18, 2021, the plaintiff's supervisor placed her in AWOL status beginning August 6, 2021 (ECF 25-31 at 33).  This was because she did not follow the leave procedures requested by her supervisor (ECF 16-1 at 231; ECF 16-13).  Gilder-Lucas apparently discovered this and emailed about it on August 23, 2021 (ECF 25-31 at 34-35).  The AWOL was later

---

[1] Gilder-Lucas subsequently complained about having to say in advance when she would not be coming to work. ECF 25-31 at 35.

3

changed to leave without pay on November 17, 2021 (ECF 16-3; ECF 25-31 at 113; ECF 25-31 at 107).

The BOP also decided that reassignment "is the most effective reasonable accommodation in this particular case" and began a search for a job near Montgomery which Gilder-Lucas was qualified for but correctly stated that there must be a vacant position available, and one would not be created for her (ECF 16-18 at 1). After back and forth, BOP ultimately offered Gilder-Lucas 2 jobs.[2] See generally (ECF 25-31).

The first was a program support specialist 80 miles from Montgomery at GS-11 and, though it was what she asked for (ECF 25-31 at 193-194), she turned it down, apparently because it was a lower grade, and she would have to drive 80 miles from wherever she planned to live (ECF 16-22). She asked BOP to expand its search nationwide for telework eligible jobs (ECF 16-1 at 75).

On August 26, 2021, BOP offered Gilder-Lucas a second job, a GS-12 management analyst position "at the Central Office, Washington, D.C."[3] (ECF 25-31 at 292). According to plaintiff, she was told this position was telework eligible (ECF 16-1). The offer asked her to accept or decline within 7 days (ECF 16-23).

---

[2] BOP's reasonable accommodation coordinator looked for other jobs at FPC Montgomery, but Gilder-Lucas was not qualified for them. ECF 16-31 at 3.

[3] Gilder-Lucas later claimed that she was not informed the job was in Washington until October 20, 2021, which is clearly not correct. ECF 16-1 at 149.

4

Twelve days later, she accepted it (ECF 16-1 at 106; ECF 16-24). At her request, BOP altered the offer to help her with retirement benefits (ECF 16-1 at 219; ECF 16-27; ECF 25-31 at 196-199, 314).

On October 20, 2024, BOP sent Gilder-Lucas a revised offer (ECF 25-31 at 313). It explained this job was telework eligible but the plaintiff "must be on site for at least six months to learn the job; after sixth months, you may submit your application for telework." (ECF 25-31 at 314). The position description explained that "[t]he work is typically performed in an office environment." (ECF 25-31 at 330). It again asked her to accept or decline within 7 days. (ECF 25-31 at 314).

Gilder-Lucas responded 5 days later with a "rebuttal" (ECF 16-30). It did not accept or reject the offer but demanded full time telework with travel to Washington to train for the position "within the parameters of my reasonable accommodation." (ECF 16-30 at 3). Rather than the 6 months of onsite training required, she said she would go to Washington for one week per month (ECF 16-30). The following day, Gilder-Lucas filed a formal discrimination complaint with the EEO office (ECF 16-4 at 1). Because she had not accepted it, the October 20, 2024, expired on its terms on October 27, 2024.

A few weeks later, on November 18, 2021, and since it had offered Gilder-Lucas 2 different jobs within the parameters she had asked for, and which she had not accepted, BOP denied the request (ECF 16-31; ECF 16-32). The BOP

explained that accommodating the "updated request of 100% Telework would cause undue hardship to the Agency, require removal of essential job functions, Lower performance standards, and would not be effective." (*Id.*; see also ECF 25-31 at 291 - explaining why the first position offered could not be performed remotely).

Gilder-Lucas never went back to work at FCI-Tallahassee (ECF 16-1 at 234-235).  On January 12, 2022, BOP hired someone else because FCI-Tallahassee needed a supervisor of education to be present for work and supervise (ECF 16-3 at 3).

On January 25, 2022, Gilder-Lucas amended her EEO complaint to allege the November 2021 denial and BOP filling her job on January 12, 2022, were failures to accommodate and retaliation (ECF 16-4).

Eight months after submitting her "rebuttal," on July 2, 2022, Gilder-Lucas sent BOP an email purporting to accept the offer that expired on October 27, 2021 (ECF 25-19).  BOP informed her that she had not accepted the position by the deadline, and it was no longer available but advised her to contact the human resources office (ECF 25-19).

In November 2022, Gilder-Lucas accepted a job as an employee development manager with BOP at FPC Montgomery, a GS-11 position as a reasonable accommodation (ECF 16-1 at 14-16, 239).  She withdrew her EEO

complaint to file suit in District Court instead (ECF 1 at 3).  She is still a BOP employee (ECF 16-1 at 14).

On February 2, 2023, the plaintiff filed suit in District Court (ECF 1).  In the complaint, plaintiff alleged that BOP failed to accommodate her disability (anxiety) based on the November 18, 2021, denial in violation of the Rehabilitation Act, 29 U.S.C. §791 et seq. (ECF 1 at 8).  She also brought a retaliation claim under the Rehabilitation Act based on the August 23 AWOL status, the November 18 denial, and BOP filling the job she was not doing on January 25, 2022 (ECF 1 at 9-10; ECF 29 at 7).

On April 5, 2024, the District Court granted summary judgment for the Attorney General dismissing all claims with prejudice (ECF 29).  In its order, the District Court held that any claim based on the November 18, 2021, denial was time barred because it was not raised until January 25, 2022 (ECF 29 at 8). The District Court further held that there no evidence from which a reasonable jury could conclude that BOP denied her a reasonable accommodation (ECF 29 at 12). For the retaliation claim, the District Court also concluded that there was insufficient evidence of a causal link between protected activity and adverse employment action (ECF 29 at 14-16).

(iii)    **Standard of Review**

This Court's review of grant of summary judgment is reviewed de novo.

*E.g.*, *Burton v. Tampa Hous. Auth.*, 271 F.3d 1274, 1276 (11th Cir. 2001).

## SUMMARY OF THE ARGUMENT

This Court should affirm the District Court's judgment dismissing Gilder-Lucas' failure to accommodate and retaliation claims for the following reasons.

First, the District Court correctly held that any claim based on the November 18, 2021, denial is time barred because the plaintiff failed to timely exhaust administrative remedies; she filed her complaint more than 45 days after the alleged act occurred and she was aware of the time limits.  29 C.F.R. §1614.105; ECF 28-1 at 2.

Second, the District Court correctly held that the plaintiff failed to show evidence from which a reasonable jury could conclude BOP discriminated against her by denying a reasonable accommodation. As District Court explained, the BOP offered her 2 jobs available at the time which she did not accept for her own reasons, but ultimately got exactly what she asked for when it became available.

Third, Gilder-Lucas did not satisfy the elements of a retaliation claim under the Rehabilitation Act.  Her subsequently converted placement on AWOL status was not in temporal proximity to her request for an accommodation. There is no evidence indicating that the denial of the request (after plaintiff did not accept 2

jobs meeting criteria she asked for after BOP made an extensive search) was retaliation for making the request.[4]  Hiring someone else for the job she did not want anymore is not an adverse employment action, and there is no causal link between doing that and any protected activity.

Accordingly, this Court should affirm the District Court's judgment.

## **ARGUMENT**

### I.    **The District Court correctly concluded that any claim based on the November 18, 2021, denial is time barred.**

It is well established that a federal employee must exhaust administrative remedies before filing a claim for unlawful employment practices in federal district court.  *Brown v. Snow*, 440 F.3d 1259, 1262 (11th Cir. 2006); *Grier v. Sec'y of the Army*, 799 F.2d 721, 724 (11th Cir. 1986); 29 C.F.R. §1614.101, *et seq.*

The first necessary step of the EEO process requires the federal employee to initiate contact with an EEO counselor from the employing agency within 45 days "of the "matter alleged to be discriminatory"; that is each specific allegation alleged to be discriminatory or retaliatory. 29 C.F.R. §1614.105(a)(1); see also *Gaillard v. Shinseki,* 349 F. App'x 391, 392 (11th Cir. 2009); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("'[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely

---

[4] As indicated above, this claim is also barred by the plaintiff's failure to exhaust administrative remedies.

9

filed charges"). If the federal employee fails to initiate the EEO process within the 45-day window, the claim is barred for failure to exhaust administrative remedies. *Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008) ("Generally, when the claimant does not initiate contact within the 45–day charging period, the claim is barred for failure to exhaust administrative remedies"); *Thomas v. Miami Veterans Med. Ctr.*, 290 F. App'x 317, 319 (11th Cir. 2008) (affirming summary judgment for defendant when plaintiff's initial contact with the EEO counselor was outside of the 45-day window and thus untimely).

As the District Court recognized, the plaintiff amended her EEO complaint on January 25, 2022, to include the November 18, 2021, accommodation denial. This was the first time she complained about that alleged act of discrimination. This was more than 45 days.

The plaintiff says that the 45-day deadline to contact EEO is "inherently extended" because she asked for reconsideration of the decision a month or so later. Appellant Brief at 40. But there is no legal support for that argument, whatever it means.

Accordingly, any claim based on the November 18, 2021, denial is time-barred.

## II.    The District Court correctly concluded that Plaintiff failed to point to evidence that BOP discriminated against her by denying a reasonable accommodation.

The Rehabilitation Act prohibits federal agencies from discriminating against any otherwise qualified individual with a disability solely by reason of her disability.  29 U.S.C. §794(a); *Porterfield v. Soc. Sec. Admin.*, No. 20-10538, 2021 WL 3856035, at *4 (11th Cir. 2021).  A federal agency violates this law when it does not make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. §12112(b); 29 U.S.C. §794(d).  But the law does not require employers to create new positions for employees with disabilities. *Boyle v. City of Pell City*, 866 F.3d 1280, 1289 (11th Cir. 2017). "Reassignment to another position is a required accommodation only if there is a vacant position available for which the employee is otherwise qualified." *Id.* (quoting *Willis v. Conopco, Inc.*, 108 F.3d 282, 284 (11th Cir. 1997)).

The BOP agreed to reasonably accommodate Gilder-Lucas and went about trying to find a suitable position for her.  She rejected the first one BOP found for her—which met her stated criteria of a GS-11 or GS-12 position within 85 miles of Montgomery apparently because it did not satisfy new criteria she imposed; that she ought not have to go 80 miles from wherever she chose to live for a mere GS-11 position, stating she would "hold out for the department's review" of other

11

available positions[5] (ECF 16-22).  BOP satisfied its reasonable accommodation

obligations under the Rehabilitation Act by making this offer, and the plaintiff's

failure to accommodate claim fails here.

Nevertheless, the BOP tried again and, after changing the offer to make

favorable retirement arrangements, offered her a GS-12 job where she could live in

Montgomery and telework for a Washington, D.C., position if she first learned the

new job with 6 months of on-site training. But she did not accept that offer either,

instead issuing a rambling "rebuttal," and the offer expired under its own terms. As

the District Court explained, "[r]egardless, after an extended search, BOP was

unable to locate any other available positions that met Gilder-Lucas's

requirements" and "Gilder-Lucas has not pointed to evidence that other positions

were available during that time." (ECF 29 at 11)

The plaintiff's basic point (see Appellant Brief at 23) is that the BOP failed to

accommodate her because it did not change the requirements of the second, other

position it offered her to allow for her to do it without obtaining the necessary

training. But the Rehabilitation Act requires no such thing. See *Stewart v. Happy*

*Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997) ("[T]he use

---

[5] In response to this obvious legal truth, the plaintiff's asserts that she "did not 'decline' the Bureau's offers" (Appellant Brief at 22). That is clearly not accurate. The plaintiff expressly rejected the first offer in an email and did not accept the second within the time prescribed. Ordinarily, an offer not accepted within the time prescribed is deemed rejected.

of the word 'reasonable' as an adjective for the word 'accommodate' connotes that an employer is not required to accommodate an employee in any manner in which the employee desires."). The plaintiff offers no legal authority to the contrary.

### III.   The District Court correctly concluded that Plaintiff had not shown sufficient evidence of retaliation.

To establish a retaliation claim under the Rehabilitation Act, a plaintiff must show (1) she engaged in statutorily protected activity under the Rehabilitation Act; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected conduct and the adverse employment action. See *Parris v. Miami Herald Publ'g Co.*, 216 F.3d 1298, 1301 (11th Cir. 2000).

The plaintiff's retaliation claim is based on (1) being placed on AWOL on August 18 beginning August 6, 2021; (2); the November 18 denial; and (3) BOP hiring a new supervisor of education. All these are meritless.

*A. AWOL*

There is insufficient evidence that the AWOL placement on August 18 (for absence beginning August 6) was causally connected to the May 10, 2021, request for a reasonable accommodation.  To establish an inference of retaliation in the absence of other evidence, "the temporal relationship between the protected activity and the adverse employment action must be very close." *Brown v. Ala. Dep't of Transp*., 597 F.3d 1160, 1182 (11th Cir. 2010).  The plaintiff says there is an inference of causation because the distance in time (apparently according to

13

Rule 6 calculations) between May 10 (the date of accommodation request) and August 6 (the effective AWOL date entered August 18) is 88 days, and thus, less than 3 months. But finding a reasonable inference does not depend on such technicalities. The distance between the activity and the employer action was not "very close."

The plaintiff says the District Court improperly discounted the testimony of the FCI Tallahassee human resource manager that "[w]hen asked whether she believed that Gilder-Lucas 'was being retaliated against for engaging in protected EEO activity when she was placed on AWOL status,' [the HR manager] replied that she was 'sure that had something to do with it.'" (ECF No. 25-31 at 247) Defendant argued the evidence was hearsay and speculation. The District Court correctly discounted it as speculative because there was no basis for what the witness said.[6] ECF 29 at 14. On appeal, Gilder-Lucas claims this is error, pointing to other documents. But nothing in the other documents shows the basis for the statement. And the plaintiff's assertion that the District Court erred by discounting it as hearsay (Appellant Brief at 1) is just wrong, because the District Court did not dismiss it as hearsay, but speculation.

---

[6] Presumably, if there was a basis for it, the plaintiff could have learned as much by deposing the witness, learning what it was, and submitting the transcript or other competent evidence in response to Defendant's motion for summary judgment.

## B. Denial of Accommodation Request

First, as indicated above, a claim based on the November 18, 2021, denial is time barred.

Second, the BOP's reasonable accommodation specialist said why it was denied; not because of protected activity (ECF 16-31). The District Court correctly noted that the plaintiff's summary-judgment response does not argue a causal link between protected activity and this action or point to evidence showing one (ECF 29 at 15 (citing ECF 26)). When a party opposing summary judgment fails to properly address another party's assertion of fact, the court may consider the fact undisputed for purposes of the motion. See Fed. R. Civ. P. 56(e). To survive summary judgment, a nonmoving party who bears the burden of proof at trial must

> [B]ring to the court's attention to evidence demonstrating a genuine issue for trial. Overcoming [their] burden requires more than speculation or a mere scintilla of evidence. The non-movant must go beyond the pleadings, to provide evidence and designate specific facts showing that there is a genuine issue for trial.

*Poer v. Jefferson Cnty. Comm'n*, 100 F.4th 1325, 1336 (11th Cir. 2024). Concerning this issue, the District's order is due to be affirmed on that basis alone.

Third, for the reasons stated above, there is insufficient evidence to establish retaliation. The BOP acknowledged the request and offered two jobs which the plaintiff did not accept. The Rehabilitation Act requires nothing more, and probably less.

15

*C. Hiring a new Supervisor of Education*

The District Court held that this was not an adverse employment action because a reasonable person would not be dissuaded from complaining about discrimination because someone else filled a job the person claimed no interest in. That is obviously correct. The plaintiff offers no contrary legal argument. It appears she has abandoned the issue.

## CONCLUSION

Accordingly, the United States respectfully requests that this Court affirm the judgment of the District Court.

Respectfully submitted,

JASON R. COODY
United States Attorney

*/s/ Andrew J. Grogan*
**ANDREW J. GROGAN**
Assistant United States Attorney
Florida Bar No. 85932
111 North Adams Street, 4th Floor
Tallahassee, FL 32301
Telephone: (850) 942-8430
Fax: (850) 942-8429
Email: Andrew.Grogan@usdoj.gov
Counsel for Defendant/Appellee

16

**CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32(a)(7)**

I certify that this brief complies with the type-volume limitation set forth in F.R.A.P. 32(a)(7).  This brief contains 3,418 words.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that one (1) copy of the foregoing has been mailed, postage paid, to David Scher and Sean Estes, Counsel for Appellant, on this 31st day of December, 2024.  On that same date, this brief was electronically filed with the Court.

*/s/ Andrew J. Grogan*
**ANDREW J. GROGAN**
Assistant United States Attorney
Counsel for Defendant/Appellee